UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
DICHO DUKOV, Individually and on
Behalf of All Others Similarly Situated,

                     Plaintiffs,

    -against-

PRINCE TELECOM, LLC, PRINCE
TELECOM, INC., PRINCE TELECOM
HOLDINGS, INC., DAVID SCHWARTZ,
JOHN KUHN, MICHAEL GENTILE,
KELLY ROSS, BRITTANY LANG, and
GREG DRISCOLL,

                     Defendants.
-------------------------------------------------X

Civil Action No.:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 16 2009 ★

BROOKLYN OFFICE

CV 09 - 5498

SPATT, J.

LINDSAY, M.J.

## CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.     Plaintiff alleges that Defendants violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to pay him overtime premium pay for all hours worked in excess of forty per week, and that Defendants acted in a manner that was willful and without good faith. Plaintiff makes this allegation on behalf of himself and all other similarly situated current and former employees of Defendants who elect to opt in to this action, pursuant to FLSA, 29 U.S.C. § 216(b).

2.     Plaintiff further alleges that Defendants' failure to pay compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") and section 142-2.4 ("Spread of Hours Pay") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law). Plaintiff makes this allegation on behalf of himself and a class of all other similarly situated current and former employees of Defendants pursuant to Fed.R.Civ.P. 23.

### JURISDICTION AND VENUE

3.     This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4.      Venue is appropriate under 28 U.S.C. § 1391(b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district.  In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

## PARTIES

5.      Plaintiff Dicho Dukov is a resident of Hicksville, New York.  He was employed as a Technician by Defendants.

6.      Plaintiff brings this action on behalf of himself and all individuals who are, or have been, employed by Defendants as Technicians anywhere in the United States during the periods referred to herein as the Collective Action Period and the Class Period.

7.      Defendant Prince Telecom, LLC is a Delaware Limited Liability Company with a principal place of business located at 34 Blevins Drive, New Castle, Delaware.

8.      Defendant Prince Telecom, Inc. is a Delaware Corporation with a principal place of business located at 34 Blevins Drive, New Castle, Delaware.

9.      Defendant Prince Telecom Holdings, Inc. is a Delaware Corporation with a principal place of business located at 34 Blevins Drive, New Castle, Delaware (together with Prince Telecom, LLC and Prince Telecom, Inc., the "Corporate Defendants").

10.     Defendant David Schwartz is an officer, director, and/or managing agent of the Corporate Defendants who participated in the day-to-day operations of the Corporate Defendants.  Defendant David Schwartz acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. section 203(d) and the regulations promulgated therein, 29 C.F.R. section 791.2, as well as the NYLL section 2 and the regulations promulgated therein.  Defendant David Schwartz is jointly and severally liable with the Corporate Defendants.

11.     Defendant John Kuhn is an officer, director, and/or managing agent of the Corporate Defendants who participated in the day-to-day operations of the Corporate Defendants.  Defendant John Kuhn acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. section 203(d) and the regulations promulgated therein, 29 C.F.R. section 791.2, as well as the NYLL section 2 and the regulations promulgated therein. Defendant John Kuhn is jointly and severally liable with the Corporate Defendants.

12.     Defendant Michael Gentile is an officer, director, and/or managing agent of the Corporate Defendants who participated in the day-to-day operations of the Corporate Defendants.  Defendant Michael Gentile acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. section 203(d) and the regulations promulgated therein, 29 C.F.R. section 791.2, as well as the NYLL section 2 and the regulations promulgated therein.  Defendant Michael Gentile is jointly and severally liable with the Corporate Defendants.

13.     Defendant Kelly Ross is an officer, director, and/or managing agent of the Corporate Defendants who participated in the day-to-day operations of the Corporate Defendants. Defendant Kelly Ross acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. section 203(d) and the regulations promulgated therein, 29 C.F.R. section 791.2, as well as the NYLL section 2 and the regulations promulgated therein. Defendant Kelly Ross is jointly and severally liable with the Corporate Defendants.

14.     Defendant Brittany Lang is an officer, director, and/or managing agent of the Corporate Defendants who participated in the day-to-day operations of the Corporate Defendants. Defendant Brittany Lang acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. section 203(d) and the regulations promulgated therein, 29 C.F.R. section 791.2, as well as the NYLL section 2 and the regulations promulgated therein. Defendant Brittany Lang is jointly and severally liable with the Corporate Defendants.

15.     Defendant Greg Driscoll is an officer, director, and/or managing agent of the Corporate Defendants who participated in the day-to-day operations of the Corporate Defendants. Defendant Greg Driscoll acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. section 203(d) and the regulations promulgated therein, 29 C.F.R. section 791.2, as well as the NYLL section 2 and the regulations promulgated therein. Defendant Gregg Driscoll is jointly and severally liable with the Corporate Defendants.

## INDIVIDUAL ALLEGATIONS

16.     Plaintiff Dicho Dukov worked for Defendants during the past three years as a Technician, primarily in New York.

17.     During the Collective Action Period, Defendants were engaged in the business of providing telephone, cable and internet activation and/or installation services for Cablevision and other corporations in New York and other states.

18.     During the Collective Action Period, Plaintiff's primary job duties included, but were not limited to, the activation and/or installation of telephone, cable and internet equipment and services.

19.     During the Collective Action Period, Plaintiff performed manual labor.

20.     While working for Defendants, Plaintiff drove a motor vehicle with a gross vehicle rating or gross vehicle weight of less than 10,001 pounds.

21.     During the Collective Action Period, Plaintiff's primary duty never consisted of performing office or managerial work directly related to Defendants' management policies or general business operations or those of its customers. Nor has his primary duty included work requiring the exercise of discretion or independent judgment with respect to matters of significance.

22.     During the Collective Action Period, Plaintiff never regularly supervised or directed the work of two or more full-time employees or their equivalent. Plaintiff never had any

responsibility for managing any department or subdivision of Defendants' business. And, Plaintiff's duties never required knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

23.     During the Collective Action Period, Plaintiff regularly worked in excess of forty hours per week.

24.     During the Collective Action Period, Plaintiff was paid on a piecework basis.

25.     During the Collective Action Period, Plaintiff was not exempt from the overtime provisions of the FLSA or any applicable state laws.

26.     Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

27.     Plaintiff and other persons employed by Defendants as Technicians repeatedly complained to Defendants about the failure to pay proper wages. Despite these complaints, Defendants nevertheless repeatedly continued in its failure to pay Plaintiff all of the wages due to him under the law.

28.     Defendants' failures to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

29.     During the Collective Action Period, throughout his numerous regular and overtime working hours, Plaintiff conferred a measurable benefit upon Defendants.

30.     Attached as Exhibit A hereto is a Consent Form whereby Plaintiff consented to be a party to this action pursuant to 29 U.S.C. §216(b).

## FLSA COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiff brings this action as a collective action on behalf of himself and all individuals who are, or have been, employed by Defendants as a "Technician" in the United States at any time since December 8, 2006 to the entry of judgment in this case (the "Collective Action Period"); such individuals to be referred to herein, jointly, as the "FLSA Class Members" or the "FLSA Class."

32.     During the Collective Action Period, Defendants always had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce, and Defendants always had annual gross sales of at least $500,000.

33.     During the Collective Action Period, Defendants paid all of the FLSA Class Members in the same manner and under the same standard employment procedures and practices as Plaintiff.

4

34.     The duties and business activities of the FLSA Class Members were essentially the same as the duties and activities of Plaintiff described above, and Defendants have been aware of those duties and activities.

35.     During the Collective Action Period, the FLSA Class Members have regularly worked in excess of forty hours per week.

36.     During the Collective Action Period, the FLSA Class Members performed manual labor.

37.     While working for Defendants during the Collective Action Period, the FLSA Class Members drove motor vehicles with a gross vehicle weight or gross vehicle weight rating of less than 10,001 pounds.

38.     Defendants have been aware of the hours worked by the FLSA Class Members, but have failed to pay Plaintiff and the FLSA Class Members the full amount of wages to which they are entitled for this work time under the law.

39.     Plaintiff and other persons employed by Defendants as Technicians have repeatedly complained to Defendants about the failure to pay proper wages.  Despite these complaints, Defendants have nevertheless repeatedly continued in their failure to pay the FLSA Class Members all of the wages due to them under the law.

40.     Defendants also have been fully aware that the duties of Plaintiff and the FLSA Class Members were and are inconsistent with exempt status under the overtime provisions of the FLSA.

41.     Yet, the FLSA Class Members, like Plaintiff, all have been subject to the same unlawful policy or plan to classify them as exempt from the provisions of the FLSA, while at the same time assigning them duties inconsistent with that status.

42.     By their conduct, as set forth herein, Defendants violated 29 U.S.C. §207 by failing to pay the FLSA Class Members, like Plaintiff, one and one-half times their regular hourly rates for hours worked in excess of forty hours during a workweek.

43.     As with Plaintiff, Defendants' violations of 29 U.S.C. §207 with respect to the FLSA Class Members were performed willfully, with a knowing or reckless disregard for whether such conduct was prohibited by the FLSA, and Plaintiff and the FLSA Class Members have been damaged by such violations.

44.     As with Plaintiff, Defendants' violations of 29 U.S.C. §207 with respect to the FLSA Class Members were performed without good faith or any reasonable grounds to believe that such actions or omissions were not a violation of the FLSA.

45.     Pursuant to 29 U.S.C. §207 and §216(b), Defendants are liable to Plaintiff and the FLSA Class Members for the full amount of all their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus their attorneys fees and costs.

46.     While their exact number is unknown to Plaintiff at the present time, Plaintiff believes that there may be at least 2,000 similarly situated members of the FLSA Class who are or have been employed by Defendants in the United States as Technicians during the Collective Action Period, most of whom it is believed would not likely file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims. Thus, a collective action is the most efficient mechanism for resolution of the claims of the FLSA Class.

47.     In addition, a collective action under 29 U.S.C. §216(b) is superior to other available methods for the fair and efficient adjudication of this controversy, because the damages suffered by individual members of the FLSA Class may be relatively small, and the expense and burden of individual litigation would make it impossible for such persons individually to redress the wrongs done to them. Further, because of the similarity of the FLSA Class Members' claims, individual actions would present the risk of inconsistent adjudications subjecting Defendants to incompatible standards of conduct.

48.     This case involves common questions of law and fact affecting the rights of all Class Members, including but not limited to: (a) their status as employees of Defendants under the FLSA, (b) the classification of Technicians as exempt, (c) the proof necessary to sufficiently determine the number of hours worked, (d) whether Defendants' violations were willful under the FLSA, (e) whether such actions or omissions were not in good faith, (f) whether Defendants should be enjoined from future violations of the FLSA, and (g) the relief sought.

49.     The claims of the Plaintiff are typical of the claims of the FLSA Class. Defendants acted consistently towards the FLSA Class Members, unlawfully classifying each such person as exempt from the overtime laws while having the same job duties which were inconsistent with exempt status. Defendants' defense that the members of the FLSA Class were correctly classified as exempt or otherwise not entitled to additional wages will be the same for each individual and will not turn on any individual differences in such persons' job duties.

50.     Plaintiff can adequately and fairly represent the interests of the FLSA Class. Plaintiff has no potential conflicts with the proposed FLSA Class Members, and his individual interests are consistent with, not antagonistic to, the interests of the class. Furthermore, counsel for Plaintiff possess the requisite resources and ability to prosecute vigorously this case as a collective action and are experienced labor and employment attorneys who have litigated complex cases on behalf of individuals involving issues similar to those at issue in this case.

51.     Defendants have acted or refused to act on grounds generally applicable to the FLSA Class, thereby making it appropriate that final injunctive relief or corresponding declaratory relief be available to the FLSA Class as a whole.

52.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action, and Plaintiff and counsel for Plaintiff suffer no conflicts of interest with any of the FLSA Class.

53.     Plaintiff is currently unaware of the identities of all the members of the FLSA Class, as such information is within the sole control of Defendants. Accordingly, Defendants

6

should be required to provide to Plaintiff a list of all persons employed by Defendants as Technicians during the Collective Action Period, stating their last known addresses and telephone numbers, so that Plaintiff can give such persons notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

## NEW YORK CLASS ALLEGATIONS

54.     Plaintiff brings this action on behalf of himself and all individuals who are, or have been, employed by Defendants as a "Technician" in the State of New York at any time since December 8, 2003 to the entry of judgment in this case (the "Class Period"); such individuals to be to be referred to herein, jointly, as the "New York Class Members" or the "New York Class."

55.     Plaintiff makes this allegation on behalf of himself and the New York Class Members pursuant to Fed.R.Civ.P. 23.

56.     During the Class Period, Defendants paid all of the New York Class Members in the same manner and under the same standard employment procedures and practices as Plaintiff.

57.     During the Class Period, the duties and business activities of the New York Class Members were essentially the same as the duties and activities of Plaintiff described above, and Defendants have been aware of those duties and activities.

58.     During the Class Period, the New York Class Members have regularly worked in excess of forty hours per week.

59.     Defendants have been aware of the hours worked by the New York Class Members, but have failed to pay the New York Class Members the full amount of wages to which they are entitled for this work time under the law.

60.     Plaintiff and other persons employed by Defendants as Technicians have repeatedly complained to Defendants about the failure to pay proper wages. Despite these complaints, Defendants have nevertheless repeatedly continued in their failure to pay the New York Class Members all of the wages due to them under the law.

61.     Defendants also have been fully aware that the duties of Plaintiff and the New York Class Members were and are inconsistent with exempt status under the overtime provisions of the NYLL sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the NYLL).

62.     Yet, the New York Class Members, like Plaintiff, all have been subject to the same unlawful policy or plan to classify them as exempt from the provisions of the NYLL and the regulations promulgated therein, while at the same time assigning them duties inconsistent with that status.

7

63.     Furthermore, the New York Class Members, like Plaintiff, all have been subject to the same unlawful policy or plan by Defendants in failing, refusing and neglecting to pay them regular wages for all hours worked as required under the provisions of the NYLL sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") and section 142-2.4 ("Spread of Hours Pay") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

64.     As with the Plaintiff, Defendants' knowing violations of the NYLL with respect to the New York Class Members were carried out with a reckless disregard for the rights of Plaintiff and the New York Class Members.

65.     Plaintiff and the New York Class Members have been damaged by Defendants' violations of the NYLL, and Defendants are liable to Plaintiff and the New York Class Members for the full amount of all their unpaid wages, plus attorneys' fees and costs of litigation.

66.     While the exact number of members of the New York Class is unknown to Plaintiff at the present time, Plaintiff believes that there may be at least 100 similarly situated individuals who are or have been employed by Defendants as a Technician in the State of New York during the Class Period and would, therefore, be members of the New York Class. For this reason, joinder of all members of the New York Class would be impracticable.

67.     This case involves common questions of law and fact affecting the rights of all the New York Class Members, including but not limited to: (a) their status as employees of Defendant under applicable New York laws, (b) the classification of Technicians as exempt, (c) the proof necessary to sufficiently determine the number of hours worked, (d) whether such conduct was performed knowingly or with a reckless disregard under New York law, (e) whether Defendants should be enjoined from future violations of New York law, and (f) the relief sought. Each member of the New York Class has an interest in this litigation arising out of a common relationship to a definite wrong.

68.     The claims of the Plaintiff are typical of the claims of the New York Class. Defendants acted consistently towards the New York Class Members, unlawfully classifying each such person as exempt from the overtime laws while having the same job duties which were inconsistent with exempt status, and failing to pay each such person in a timely manner all regular wages owed for all hours worked. Defendants' defense that the members of the New York Class were correctly classified as exempt or otherwise not entitled to additional wages will be the same for each individual and will not turn on any individual differences in such persons' job duties.

69.     Plaintiff can adequately and fairly represent the interests of the New York Class. Plaintiff has no potential conflicts with the proposed New York Class Members, and his individual interests are consistent with, not antagonistic to, the interests of the class. Furthermore, counsel for Plaintiff possess the requisite resources and ability to prosecute vigorously this case as a class action and are experienced labor and employment attorneys who have litigated complex cases on behalf of individuals involving issues similar to those at issue in this case.

8

70.     The prosecution of separate actions against Defendants would create a risk of inconsistent or varying adjudications with respect to individual members of the New York Class which would establish incompatible standards of conduct for Defendants.  In addition, adjudications with respect to individual members of the New York Class could as a practical matter be dispositive of the interests of all the other members of the New York Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.  Plaintiff knows of no other pending litigation against Defendants concerning this controversy commenced by any member of the New York Class.

71.     Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making it appropriate that final injunctive relief or corresponding declaratory relief be available to the New York Class as a whole.

72.     A class action is therefore superior to other methods, if any, available for the fair and efficient adjudication of the controversy.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action, and Plaintiff and counsel for Plaintiff suffer no conflicts of interest with any of the New York Class.

73.     Because Plaintiff and the New York Class Members challenge the same unlawful compensation practices, the questions of law or fact relating to the New York Class predominate over any questions affecting only individual New York Class Members.

### CLAIMS FOR RELIEF
### COUNT ONE
FLSA Collective Action Overtime Claim

74.     At all times relevant to this Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

75.     At all times relevant to this Complaint, Defendants have "employed" Plaintiff and the FLSA Class Members, suffering or permitting them to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

76.     At all times relevant to this Complaint, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

77.     Defendants' failures to pay overtime wages to Plaintiff and the FLSA Class Members for such work violates the FLSA (29 U.S.C. § 207).

78.     Defendants' failures to provide required compensation for all hours worked by Plaintiff and the FLSA Class Members are willful violations within the meaning of FLSA (29 U.S.C. § 255(a)).

79.     Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff and the FLSA Class Members were not made in good faith within the meaning of the FLSA (29 U.S.C. § 260).

80.     As a result of Defendants' violations of the FSLA, Plaintiff and the FLSA Class Members have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO
NYLL Class Action Overtime Claim

81.     At all times relevant to this Complaint, Defendants were an "employer" of Plaintiff and the New York Class Members within the meaning of the NYLL and the regulations pertaining thereto.

82.     At all times relevant to this Complaint, Plaintiff and the New York Class Members were "employees" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

83.     At all times relevant to this Complaint, Defendants employed Plaintiff and the New York Class Members, suffering or permitting them to work within the meaning of NYLL and the regulations pertaining thereto.

84.     Defendants failed to pay overtime premiums to Plaintiff and the New York Class Members for all such work hours in excess of 40 hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

85.     Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's and the New York Class Members' rights.

86.     As a result of Defendants violation of the NYLL and the regulations promulgated therein, Plaintiff and the New York Class Members have incurred harm and loss in an amount to be determined at trial, along with attorneys' fees and costs of litigation.

87.     Plaintiffs do not seek to recover liquidated damages under the NYLL on their own behalf or on behalf of the New York Class Members.

## COUNT THREE
NYLL Class Action Regular Wage Claim

88.     At all times relevant to this Complaint, Defendants were an "employer" of Plaintiff and the New York Class Members within the meaning of the NYLL and the regulations pertaining thereto.

89.     At all times relevant to this Complaint, Plaintiff and the New York Class Members were "employees" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

10

90.     At all times relevant to this Complaint, Defendants employed Plaintiff and the New York Class Members, suffering or permitting them to work within the meaning of the NYLL and the regulations pertaining thereto.

91.     Defendants failed to pay regular wages to Plaintiff and the New York Class Members for all such work in a timely manner, in violation of the NYLL and the regulations pertaining thereto.

92.     Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's and the New York Class Members' rights.

93.     As a result of Defendants violation of the NYLL and the regulations pertaining thereto, Plaintiff and the New York Class Members have incurred harm and loss in an amount to be determined at trial, along with attorneys' fees and costs of litigation.

94.     Plaintiffs do not seek to recover liquidated damages under the NYLL on their own behalf or on behalf of the New York Class Members.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs request a trial by jury on their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(A)     Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), appointing Plaintiff and his counsel to represent the FLSA Class, and direct Defendants to provide to Plaintiff a list of all persons employed by them as Technicians during the Class Period, including the last known address and telephone numbers, so that Plaintiff can give such FLSA Class Members notice of the pendency of this action and an opportunity to make an informed and timely decision about whether to participate in it;

(B)     Determine the damages sustained by Plaintiff and the Class Members as a result of Defendants' violations of 29 U.S.C. §207, and award those damages against Defendants and in favor of Plaintiff and the FLSA Class Members, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), plus such pre-judgment and post-judgment interest as may be allowed by law;

(C)     Declare this action to be maintainable as a class action on behalf of the New York Class Members pursuant to Fed.R.Civ.P. 23, appointing Plaintiff and his counsel to represent the New York Class;

(D)     Determine the damages sustained by Plaintiff and the New York Class Members as a result of Defendants' violations of the NYLL and the regulations pertaining thereto, and award those damages against Defendants and in favor of Plaintiff and the New York Class

11

Members, and such pre-judgment and post-judgment interest as may be allowed by law; as well as restitution; however, the Plaintiffs do not seek liquidated damages under the NYLL.

(E)     Require Defendant to provide an accounting to Plaintiff of the amount of damages incurred by him and the New York Class Members, to provide a mechanism to identify and notify such persons of the losses they have suffered, and to provide for the fair and equitable distribution of all damages awarded in this action;

(F)     Award Plaintiff and the FLSA and New York Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and any reasonable accountants' or experts' fees;

(G)     Enter a permanent injunction ordering Defendants henceforth to refrain from engaging in the unlawful conduct described in this Complaint and to take all necessary measures to ensure that it is at all times in compliance with such injunction; and

(H)     Grant Plaintiff and the FLSA and New York Class Members such other and further relief as this Court may deem just and proper.

Dated: Westbury, New York
        December 8, 2009

By the attorneys for the Plaintiff and the Class Members,

Neil H. Greenberg, Esq. (NG 1307)
Justin M. Reilly, Esq. (JR 9944)
Neil H. Greenberg & Associates, P.C.
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

Philip J. Gordon (MA: 630989 & NY 4181871)
GORDON LAW GROUP LLP
585 Boylston Street
Boston, Massachusetts 02116
Phone: (617) 536-1800

12

# EXHIBIT "A"

## PRINCE TELECOM, INC'S
## <u>PLAINTIFF CONSENT FORM</u>

I hereby consent to join a lawsuit against Prince Telecom, Inc. and/or Prince Telecom, LLC and its shareholders as a Plaintiff pursuant to 29 U.S.C. section 216(b), to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. section 201 <u>et seq.</u> and any applicable state laws.

I hereby designate both Neil H. Greenberg & Assoc. P.C. and Gordon Law Group, LLP to represent me in this suit.  I understand that this form may be filed with the court in order to include me in the lawsuit.

Dated: _11 – 4 – 09_

_____
(signature here)

_Diclio    Durov_
(print name here)

Print address here: _21 16th street_
_Hicksville, 11801_
_____